UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MARTHA KLOPCHIN, ON HER OWN
BEHALF, AND ON BEHALF OF THE
ESTATE OF LESTER J. DEVENS, JR.,

        Plaintiffs,

vs.

TOWN OF LUMBERLAND, JOHN
CUOMO and VICTOR CZUBAK,

        Defendants.
--------------------------------------------------------x

**COMPLAINT**



## 08 CIV. 1314

*JUDGE ROBINSON*

By and through her counsel, Michael H. Sussman, plaintiffs complain of defendants as follows:

1. Plaintiff Martha Klopchin is a female of legal age who resides in the County of Sullivan.

2. Plaintiff Klopchin is the appointed administratrix for the estate of her late husband, Lester Devens, Jr..

3. Defendant Town of Lumberland is a municipal corporation organized pursuant to the laws of the State of New York and may sue and be sued.

4. At all times relevant to this matter, defendant John Cuomo was a police officer employed by the Town of Lumberland.

5. At all times relevant to this matter, defendant Victor Czubak was a police officer employed by the Town of Lumberland.

6. This court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and 1367, as well as 42 U.S.C. secs. 1983 and 1988.

7. On December 9, 2006, in his residence at 337 Van Tuyl Road, Barryville, New York, the decedent, Lester Devens, Jr., was shot to death by defendant police officers, Cuomo and Czubak.

8. At the time they shot decedent to death, both individual defendants were within the employ of the Town of Lumberland Police Department and acting in their capacity as

police officers for the defendant municipality and as state actors.

9.  The autopsy conducted on the decedent concluded that the manner of death was "homocide" caused by "bullet wounds of neck, chest and extremities involving cervical spinal cord and lung."

10.  At the time the individual defendants shot and killed decedent, he posed no threat of imminent harm to either of them or to any other person.

11.  At the time the individual defendants shot and killed decedent, he was neither armed with a weapon nor threatening either of the individual defendants or any third party with any object which could reasonably be considered a weapon.

12.  Before shooting and killing decedent, defendants Cuomo and Czubak made inadequate efforts to subdue and control him.

13.  As a direct consequence of decedent's passing, plaintiff has been caused to suffer loss of companionship and consortium and the loss of substantial financial support.

14.  As a direct consequence of defendants' acts and omissions, the decedent, Lester Devens, Jr., experienced conscious pain and suffering.

15.  At all relevant times, defendants Cuomo and Czubak acted as agents for the Town of Lumberland, which delegated final authority for handling the decedent to them.

16.  Defendant Town of Lumberland provided inadequate training, supervision and guidance to the individual defendants, proximately causing them to recklessly kill the decedent.

## AS AND FOR A FIRST CAUSE OF ACTION

17.  Plaintiffs incorporate paras. 1-16 as if fully restated.

18.  By recklessly failing to train and supervise defendants Cuomo and Czubak, the Town of Lumberland violated the constitutional rights of the decedent in violation of the Fourth and Fourteenth Amendments to the United States Constitution, as made actionable by 42 U.S.C. sec. 1983.

### AS AND FOR A SECOND CAUSE OF ACTION

19.  Plaintiffs incorporate paras. 1-18 as if fully restated.

20.  By recklessly shooting and killing decedent without legally sufficient cause, defendants Cuomo and Czubak violated the Fourth Amendment  of the United States Constitution as made actionable against them by 42 U.S.C. sec. 1983.

### AS AND FOR A THIRD CAUSE OF ACTION

21.  Plaintiffs incorporate paras. 1-20 as if restated.

22.  Within ninety days of the killing by individual defendants of the decedent, plaintiff Klochin filed a notice of claim against the Town of Lumberland on her own behalf and on behalf of the decedent's estate.

23.  Defendants Cuomo and Czubak acted in a grossly negligent or negligent manner when they shot and killed decedent on December 9, 2006 and are legally responsible to his estate for the damages deriving therefrom.

24.  This Court has supplemental jurisdiction over this cause of action since it arises from the same nucleus of operative facts as do the first and second causes of action.

### AS AND FOR A FOURTH CAUSE OF ACTION

25.  Plaintiffs incorporate paras. 1-24 as if fully restated.

26.  By dint of the negligent acts and omissions of its agents, Cuomo and Czubak, the Town of Lumberland is legally responsible for the death of the decedent and damages to his estate deriving therefrom.

### AS AND FOR A FIFTH CAUSE OF ACTION

27.  By dint of the reckless, grossly negligent and/or negligent actions and omissions of the defenants, plaintiff Klopchin has been denied the companionship and consortium of the decedent and his financial and emotional support in violation of the Fourth and Fourteenth Amedments and the common law.

WHEREFORE, PLAINTIFFS PRAY that this Honorable Court accept jurisdiction of this matter for all purposes, empanel a jury to hear and decide all issues within

its purview, award against defendants, jointly and severally, compensatory damages arising from decedent's death, both for his conscious pain and suffering and for plaintiff Klopchin's loss of companionship, consortium and financial support and award to plaintiffs the reasonable attorneys' fees and costs arising from the prosecution of this action.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

COUNSEL FOR PLAINTIFFS

Dated: February 3, 2008