UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARTHA KLOPCHIN, on her own behalf, and
on behalf of the estate of LESTER J. DEVENS, JR.

                                        **ANSWER**

        Plaintiffs,

   -against-                             08 Civ. 1314 (SCR)

TOWN OF LUMBERLAND, JOHN CUOMO
and VICTOR CZUBAK,

        Defendants.
------------------------------------------------------------X

       For the answer to the complaint of the plaintiffs in the above entitled case, defendants, by their attorneys, SANTANGELO RANDAZZO & MANGONE LLP, say:

       1.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "1" of plaintiffs' complaint.

       2.    Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "2" of plaintiffs' complaint.

       3.    Defendants admit the allegations contained in paragraph "3" of the plaintiffs' complaint.

       4.    Defendants deny the allegations contained in paragraph "4" of the plaintiffs' complaint.

       5.    Defendants deny the allegations contained in paragraph "5" of the plaintiffs' complaint.

       6.    The allegations contained in paragraph "6" of the complaint constitute conclusions of law to which defendants make no answer except to demand strict proof thereof and respectfully refers any and all questions of law to this Honorable Court.

7. Defendants admit the allegations contained in paragraph "7" of the plaintiffs' complaint except deny that Cuomo and Czubak were police officers.

8. Defendants admit the allegations contained in paragraph "8" of the plaintiffs' complaint except deny that Cuomo and Czubak were police officers.

9. Defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "9" of plaintiffs' complaint.

10. Defendants deny the allegations contained in paragraph "10" of the plaintiffs' complaint.

11. Defendants deny the allegations contained in paragraph "11" of the plaintiffs' complaint.

12. Defendants deny the allegations contained in paragraph "12" of the plaintiffs' complaint.

13. Defendants deny the allegations contained in paragraph "13" of the plaintiffs' complaint.

14. Defendants deny the allegations contained in paragraph "14" of the plaintiffs' complaint.

15. Defendants deny the allegations contained in paragraph "15" of the plaintiffs' complaint and refer all questions of law to this Honorable Court.

16. Defendants deny the allegations contained in paragraph "16" of the plaintiffs' complaint.

## ANSWERING A FIRST CAUSE OF ACTION

17. Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-16 of this Answer with the same force and effect as if set forth more fully at length herein.

18. Defendants deny the allegations contained in paragraph "18" of the plaintiffs' complaint.

## ANSWERING A SECOND CAUSE OF ACTION

19. Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-18 of this Answer with the same force and effect as if set forth more fully at length herein.

20. Defendants deny the allegations contained in paragraph "20" of the plaintiffs' complaint.

## ANSWERING A THIRD CAUSE OF ACTION

21. Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-20 of this Answer with the same force and effect as if set forth more fully at length herein.

22. Defendants admit the allegations contained in paragraph "22" of the plaintiffs' complaint.

23. Defendants deny the allegations contained in paragraph "23" of the plaintiffs' complaint.

24. Defendants neither admit nor deny the allegations contained in paragraph "24" of plaintiffs' complaint as same constitute conclusions of law and refer all questions of law to this Honorable Court.

## ANSWERING A FOURTH CAUSE OF ACTION

25. Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs 1-24 of this Answer with the same force and effect as if set forth more fully at length herein.

26. Defendants deny the allegations contained in paragraph "26" of the plaintiffs' complaint.

## ANSWERING A FIFTH CAUSE OF ACTION

27. Defendants deny the allegations contained in paragraph "27" of the plaintiffs' complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

28. Insofar as plaintiffs seeks to impute liability to defendant Town of Lumberland simply because it is alleged to have employed one or more constitutional tortfeasors, this action should be dismissed since the doctrine of <u>respondeat superior</u> is not available in an action brought pursuant to 42 U.S.C. Section 1983.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

29. At all times relevant hereto, defendants acted in good faith and took appropriate action in the discharge of their official duties.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

30. Defendants, to the extent they are sued in their individual capacity, are entitled to qualified immunity since at all times they acted in good faith in the discharge of their job duties and their conduct did not violate any clearly established constitutional or statutory rights of which a reasonable person would have known.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

31. Defendants at all relevant times acted in accordance with all laws, rules and regulations and pursuant to their statutory authority.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

32. Any conduct which is alleged by plaintiffs are ***de minimis*** and unsubstantial and as such the allegations fail to establish a claim under U.S.C. Section 1983.

### AS FOR THE SIXTH AFFIRMATIVE DEFENSE

33. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

34. The individual answering defendants allege that they are immune from liability for the matters stated in the complaint in that all of their alleged actions, if any, were made in good faith, without malice and performed in the reasonable belief that such actions, were authorized by and in accord with existing law and authority .

### AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

35. That any harm which came to the plaintiffs was a direct and proximate result to Lester J. Devens Jr.'s own actions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

36. Plaintiffs failed to allege that any harm which he may have suffered occurred as a result of a policy and/or custom established by the Town of Lumberland must be dismissed against the municipal defendant.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

37. That plaintiffs' claim or damages, if any, are to be strictly governed by the Civil Rights Act of 1991 (42 USC Section 1981a).

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

38. The actions complained of were caused in whole or in part by culpable conduct and actions attributable to the plaintiff including his contributory negligence and/or illegal activities and that by reason thereof, the amount of damages recoverable, if any, shall be diminished in whole or in part by that portion to which the culpable conduct attributed to the Plaintiff bears to the alleged conduct of the answering defendants which allegedly caused the damage.

### AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

39. Upon information and belief, plaintiff's economic loss, if any, as specified in § 4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the answering defendants are entitled to have the court consider same in

determining such special damages as provided in § 4545 of the CPLR.

**W H E R E F O R E,** the defendants pray judgment that the complaint of the plaintiffs be dismissed, together with the costs and disbursements of this action and attorney's fees awarded to the defendants.

Dated: Hawthorne, New York
        March 19, 2008

                              Respectfully submitted,

                              SANTANGELO RANDAZZO & MANGONE LLP

                              By: _____
                                 James A. Randazzo (0156)
                              Attorneys for Defendants
                              151 Broadway
                              Hawthorne, New York 10532
                              (914) 741-2929

TO:    SUSSMAN & WATKINS
         Attorneys for Plaintiffs
         P.O. Box 1005
         Goshen, New York 10924
         (845) 294-3991

**CERTIFICATE OF SERVICE**

      I, JAMES A. RANDAZZO, hereby certify that on March 19, 2008, I served the within ANSWER upon all parties, Electronic Case Filing a copy thereof, the address as provided to defendant by notification from this Court:

TO:    SUSSMAN & WATKINS
         Attorneys for Plaintiffs
         P.O. Box 1005
         Goshen, New York 10924
         (845) 294-3991

                                          James A. Randazzo (JR-0156)